Argued and submitted May 10, 1985, affirmed January 29, 1986

## ROTH-ZACHRY HEATING, INC.,
*Plaintiff,*

*v.*

## PRICE,
*Respondent,*

*v.*

## JOBSON,
*Appellant.*

(80-9-408; CA A32786)

713 P2d 634

David Gernant, Portland, argued the cause and filed the briefs for appellant.

Gordon H. Price, Molalla, argued the cause and filed the brief *pro se* for respondent.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is an appeal from an action for ejectment.[1] Appellant argues that the trial court erred in relying on two judgments, to neither of which she was a party, to preclude her from asserting her alleged equitable interest in the property in question and to declare respondent (Price) owner in fee simple and entitled to possession. We affirm.

The facts, none of which is disputed, need to be related in detail. On February 5, 1979, and August 31, 1979, appellant and her husband received loans totalling approximately $20,000 from The Commercial Bank (Bank) in Canby, Oregon. On February 11, 1979, she purchased real property (Shady Dell), located in Molalla, on a land sale contract from Harold and Irene Olsen (Olsen) for $15,000. The terms of the contract called for a down payment of $2,500 with the balance to be paid in monthly installments of $150. On April 20, 1979, appellant borrowed $7,500, in exchange for a note, from her daughter, Nelson; this sum was to be repaid on July 20, 1979.

Due to financial problems, appellant defaulted on the note to Nelson on July 20, 1979. In lieu of payment, she assigned her interest in Shady Dell to Nelson under a purchaser's assignment of contract and deed dated August 2, 1979; the document was never recorded and was apparently misplaced. A quitclaim deed conveying Shady Dell, with the same conditions as the aforementioned document, was subsequently executed by appellant and recorded by Nelson on October 12, 1979.

On December 3, 1979, Bank recovered a judgment against appellant in Clackamas County Circuit Court on its defaulted loan. Execution was issued on the judgment but was returned unsatisfied. On April 12, 1980, Price, as the attorney representing Bank, filed a complaint in *Commercial Bank v. Nelson and Jobson,* seeking to set aside the conveyance of

---

[1]As originally instituted, this was an action to foreclose a construction lien on the relevant property by Roth-Zachry Heating, Inc., as lienor. Named defendants were Tamara M. Nelson (Nelson); Gordon Price, dba Preston Battle Co. (Price); John L. Wood, dba Lloyd Drywall Company; and Sunrise Plumbing, Inc. Carole A. Jobson (appellant) was added as a defendant at a later date. During the course of the proceedings, Roth-Zachry, Wood and Sunrise resolved their liens and are not parties to this appeal. Price, however, filed a cross-complaint against appellant for ejectment; that is the basis for this appeal.

October 12, 1979, from appellant to Nelson as a fraud on creditors and requesting a lien on Shady Dell and foreclosure thereon in favor of bank. On July 21, 1980, Price, doing business as Preston Battle Company, purchased Olsen's vendor's interest and title in Shady Dell under an assignment of contract and warranty deed dated July 21, 1980; the document was recorded on July 22, 1980. On August 28, 1980, appellant and her husband filed for bankruptcy. The filing effectively stayed all proceedings to which she was a party, including Bank's action to set aside the conveyance of October 12, 1979. Price, as the attorney representing Bank, filed a petition to set aside the automatic stay.

Meanwhile, Price, as owner of the vendor's interest, declared a forfeiture on September 29, 1980, on the land sale contract to Shady Dell as to appellant and Nelson; he also filed an action for ejectment against Nelson on the same date. He later filed a motion for summary judgment in the ejectment action on November 14, 1980; Nelson failed to appear and an order was entered on December 22, 1980, granting his motion for summary judgment and declaring him the owner in fee simple of Shady Dell.

After a hearing on December 29, 1980, the Bankruptcy Court refused Price's petition to set aside the automatic stay. As a result, on March 12, 1981, appellant was dismissed without prejudice from the Bank's action to have the conveyance of October 12, 1979, set aside. On the same date, however, a default judgment was entered against Nelson in that action. The original judgment order contained other language but was later modified, *nunc pro tunc,* on the trial judge's own motion to state only that the contract of conveyance was "null and void."

On September 27, 1982, Price filed the present cross-complaint against appellant, seeking ejectment. After a trial on the merits, the trial judge issued findings of fact, conclusions of law and a judgment declaring Price to be entitled to possession of the property. In a letter opinion to the parties, the trial judge reached the following conclusions of law:

"1. Under the doctrine of res adjudicata, the judgment entered in favor of Price and against Nelson * * * by the Clackamas County Circuit Court on December 22, 1980, bars Nelson * * * from asserting against Price any claim upon or

interest in the subject real property or the improvements thereon under the Olsen-Jobson contract or otherwise, the origin of which claim or interest is antecedent to the date of entry of such judgment.

"2.   Inasmuch as Tamara Nelson * * * has no claim upon or interest in the subject property arising subsequant [sic] to December 22, 1980, Tamara Nelson * * * is a trespasser upon the subject real property as against defendant/cross-plaintiff Gordon Price (dba Preston Battle Co.).

"3.   The amended judgment entered by the Clackamas County Circuit Court in favor of the Commercial Bank and against Tamara Nelson * * * runs only to the benefit of the Commercial Bank, its successors, assigns and privies [sic]. Inasmuch as [appellant] is not a successor or assignee of the Commercial Bank in respect to the rights of the Commercial Bank under such judgment, and is not in privity with the Commercial Bank with respect to such judgment, [appellant] has not by reason of such judgment reacquired any interest in or rights under the Olsen-Jobson contract for the sale of the subject real property and has not reacquired any estate in such real property or the improvements thereon.

"4.   As against [appellant], defendant/cross-plaintiff Gordon Price (dba Preston Battle Company) is the owner of fee simple title and is entitled to the present possession of the subject real property and all improvements thereon, and [appellant], acting through Tamara Nelson * * *, wrongfully withholds the present possession of such property as a trespasser thereon from defendant/cross-plaintiff Price.

"5.   No basis in law or equity exists to award [appellant] any compensation or other relief on account of any improvements made to the subject real property by defendant/cross-defendant Jobson."

Appellant argues that the trial court erred in reaching each of those conclusions and in effect precluding her from asserting an interest in the property in question.

Generally speaking, a land sale contract is primarily a security device. *Braunstein v. Trottier,* 54 Or App 687, 691, 635 P2d 1379 (1981), *rev den* 292 Or 568 (1982). Thus, when the original parties signed the executory land sale contract, Olsen, as vendor, retained legal title and appellant, as vendee, acquired an equitable interest in Shady Dell. *Panushka v. Panushka,* 221 Or 145, 149-50, 349 P2d 450 (1960); *Braunstein v. Trottier, supra,* 54 Or App at 691. Under the terms of the

contract, she was obligated to make payments to Olsen and Olsen was obligated to convey legal title to her on payment of the full purchase price.

In the absence of statutory or contractual provisions to the contrary, a vendee's equitable interest may be conveyed or assigned. *Braunstein v. Trottier, supra,* 54 Or App at 691. In lieu of payment on the note due Nelson, appellant assigned and conveyed both her equitable interest in Shady Dell and her contract rights as purchaser on October 12, 1979, to Nelson, effectively relinquishing whatever interest she may have had in the property. The critical issue in this case is whether this interest has since revested in her as a result of the judgment, in *Commercial Bank v. Nelson and Jobson,* declaring the conveyance of October 12, 1979, to be a fraud on creditors and setting it aside. She argues that it has. We do not agree.

The effect of the judgment in the action to set aside the conveyance as fraudulent does not affect the substance of the transfer. Once the underlying contract or transfer has been declared fraudulent,

> "neither the transferor nor the transferee may claim relief from the consequences thereof. The law will leave them in the position in which they have placed themselves, refusing affirmative aid to either of the fraudulent participants." *Lyon v. Mazeris et al,* 170 Or 222, 247, 132 P2d 982 (1943) (quoting 24 Am Jur 267, "Fraudulent Conveyances," § 118).

In essence, the effect of the judgment is to hold the transfer void only as to creditors but to recognize it as binding on the parties involved. *Windle, Adm'x et al v. Flinn et al,* 196 Or 654, 672, 251 P2d 136 (1952). Thus, a prevailing judgment creditor may treat the transfer as if it never occurred and can proceed against the property to satisfy its judgment against the transferor. The parties, however, remain in *status quo inter se,* because the courts will not assist those who come into court with unclean hands. *Lyon v. Mazeris et al, supra,* 170 Or at 246; *see also Oliphant v. French,* 256 Or 341, 472 P2d 275 (1970). Accordingly, a court will not declare title in a fraudulent transferor and reconvey the property back to such a party. *Lyons v. Mazeris et al, supra,* 170 Or at 246. Appellant's argument that she was not a party to the action to set aside the conveyance thus has no bearing on the outcome of this case.

Appellant contends that the trial judge disregarded her arguments regarding her alleged equitable interest in Shady Dell. She is mistaken. They were considered. It is just that, given her conveyance of her interest in the property to Nelson, her contentions are legally wrong.

Affirmed.